■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD PEARSON, Appellant. [652 NYS2d 972] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered February 2, 1994, convicting defendant, upon his guilty plea, of two counts of robbery in the first degree, and sentencing him, as a second violent felony offender, to concurrent terms of 8 to 16 years, unanimously affirmed.

The hearing court properly denied defendant's motion to suppress statements. We decline to disturb the court's credibility determinations, which are supported by the record.

We perceive no abuse of sentencing discretion. Concur—Sullivan, J. P., Rosenberger, Wallach and Williams, JJ.

■ DENNIS GAGE, Respondent, v 103 EAST 75TH STREET APARTMENTS, INC., Appellant. [652 NYS2d 972] —Order, Supreme Court, New York County (Carol Huff, J.), entered September 29, 1995, which in a declaratory judgment action concerning whether five alleged subtenancies are in violation of the proprietary lease, *inter alia*, found, with respect to one of the alleged subtenancies, an issue of fact as to whether the purported subtenant is plaintiff's employee, and, on the basis of that issue, granted plaintiff's motion for a *Yellowstone* injunction, unanimously affirmed, without costs.

We agree with the IAS Court that an issue of fact exists as to whether Dr. Janof is plaintiff's employee to whom plaintiff can provide space without defendant's prior written consent, and that a *Yellowstone* injunction is warranted to preserve the status quo pending resolution of this issue (*see, Post v 120 E. End Ave. Corp.*, 62 NY2d 19, 25-26). However, to the extent that the IAS Court's decision can be understood as a ruling to the effect that a subletting to Janof would not constitute a material breach of the lease, and thus defendant would not be entitled to terminate the lease even if it were to prevail on this issue, any such ruling is premature and should be considered to be without force or effect. The other alleged subleasing violations appear to be moot. We have considered defendant's other contentions and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach and Williams, JJ.